**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 97-50694

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ERIC ALAN GIACOMEL,

Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Texas

September 15, 1998

Before POLITZ, Chief Judge, WIENER and DENNIS, Circuit Judges.

POLITZ, Chief Judge:

Eric Alan Giacomel appeals the denial of his 28 U.S.C. § 2255 petition for habeas corpus, seeking a remand for a new evidentiary hearing, contending that the district court erred in accepting the magistrate judge's credibility determination based in part on a witness's oral affirmation of an earlier affidavit.

A magistrate judge conducted an evidentiary hearing on Giacomel's claims,

including his contention that his trial attorney failed to inform him of his right to appeal.[1] The government filed an affidavit from Giacomel's trial counsel, Alan Brown, in which counsel attested that he advised Giacomel about his appellate rights and the time limits involved but, after discussion, Giacomel agreed that an appeal would be frivolous and decided against same. At the evidentiary hearing Brown testified that he had read and signed the affidavit and that the statements therein were true and correct. Although Brown testified extensively, on direct and cross, about his representation of Giacomel, he was not otherwise questioned about the appeal issue. Giacomel testified that he did not discuss his appellate rights with counsel and, although informed by the court at sentencing of his right to appeal, he was never informed of the time limits involved.

The magistrate judge found, based on her "first-hand examination of attorney Brown and the movant at the evidentiary hearing," that Brown's testimony in his affidavit was credible and that Giacomel was not credible. She recommended that relief be denied. Giacomel filed objections, challenging the magistrate judge's credibility determinations. In making its *de novo* review, the district court noted that the only evidence contradicting Brown's affidavit was Giacomel's testimony,

[1] Other claims were raised below, but abandoned on appeal. **Askanase v. Fatjo**, 130 F.3d 657, 668 (5th Cir. 1997) ("All issues not briefed are waived."). Nevertheless, these issues appear to have been resolved in the proceedings on the 18 U.S.C. § 3582(c) motion.

which the magistrate judge found incredible. The district court found no basis to question the magistrate judge's credibility assessments and adopted same, denying the requested § 2255 relief.

We find no error in the district court's acceptance of the magistrate judge's credibility calls. In determining the credibility of a witness the fact finder closely observes the witness, as demeanor is a critical factor therein.[2] The magistrate judge obviously did this when she heard both Brown's and Giacomel's testimony and viewed and assessed their demeanor. Brown's oral affirmation of the contents of his affidavit constituted testimony on which a credibility determination could be made. A requirement that a witness may not affirm through oral testimony prior statements made under oath, but must also laboriously restate each, would merely place form over substance. The affidavit at issue was filed in the record and available to the parties, and Brown was subject to cross-examination. The magistrate judge's acceptance of the prior sworn statements made by Brown, an attorney with 25 years experience, which he affirmed in his oral testimony, was the product of a credibility assessment that satisfies due process requirements.

The district court was not required to rehear the testimony on which the magistrate judge based her findings and recommendation to make an independent

---

[2] **Louis v. Blackburn**, 630 F.2d 1105 (5th Cir. 1980).

evaluation of credibility when, as here, those findings were accepted.[3] We perceive

no error in the district court deferring herein to the magistrate judge's credibility

findings; the record adequately supports them.

The judgment appealed is AFFIRMED.

---

[3] **Id.**; **United States v. Raddatz**, 447 U.S. 667 (1980).