**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 16, 2009

Charles R. Fulbruge III
Clerk

No. 08-31039

UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

JARMARSAY KION SMITH also known as, Jarmarsay Kean Smith

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC 5:08-CR-000053-01

Before BARKSDALE, SOUTHWICK, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Convicted pursuant to a conditional guilty plea for possession of a firearm and ammunition by a convicted felon, Jarmarsay Kion Smith appeals the denial of his suppression motion. Smith challenges both the arrest warrant and the protective sweep that resulted in the discovery of two firearms. AFFIRMED.

I.

In July 2005, Smith pled guilty in Bossier City, Louisiana, to driving without a license. During sentencing, he received notice that failure to pay his

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth to 5TH CIR. R. 47.5.4.

fine by 24 August 2005 would result in the issuance of a bench warrant. On 14 December 2005, a bench warrant was issued for Smith's failure to appear or pay the fine. Smith then paid half his fine, and the warrant was recalled. Included in Smith's receipt for paying half of his fine was the due date for paying the balance. Smith failed, however, to pay that balance by the specified time, and a second bench warrant was issued.

Shreveport, Louisiana, police officers executed the second bench warrant after receiving information of where Smith resided. A maintenance worker at the apartment where Smith resided directed the police to Smith's apartment and knocked on the door for the police. Smith's brother answered the door; and the officers took Smith, who was in the living room, and his brother into custody. The officers then instructed Smith and his brother to sit down on the couches in the living room and began conducting a protective sweep of the apartment.

As part of the protective sweep, one of the officers opened the closet in the living room and found a large mound of clothes inside. Under the clothes, the officer discovered two loaded assault rifles.

Smith immediately identified both weapons as belonging to him. He also then gave the officers consent to search the remainder of the apartment and informed them that he had two more guns in his bedroom. There, the officers discovered two pistols.

Charged with being a convicted felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1), Smith moved to suppress the evidence and statements obtained from the search of his apartment. He contended: the search was invalid because the officers did not possess a valid search warrant; and the search exceeded a valid search incident to arrest. After

holding an evidentiary hearing on the motion to suppress, a magistrate judge prepared a report and recommendation that the warrant was valid and the rifles were discovered pursuant to a proper protective sweep.

Smith objected to the report and recommendation, contending: the record did not establish all the facts stated in the report; the bench warrant was invalid; and, the protective sweep was unnecessary to protect the officers and was therefore invalid. The district court adopted the report and recommendation and, accordingly, denied the suppression motion. Following the district court's adoption of the report, Smith entered a conditional guilty plea to being a convicted felon in possession of a firearm and ammunition, preserving his right to appeal the denial of his suppression motion.

## II.

In challenging the denial of his suppression motion, Smith maintains: the warrant the police relied on when making the arrest was invalid; and, even if the warrant was valid, the search of the closet containing the assault rifles exceeded the scope of a proper protective sweep.

"When reviewing the district court's denial of a suppression motion, we review conclusions of law *de novo* and findings of fact for clear error; the evidence is viewed in the light most favorable to the prevailing party." *United States v. Gibbs*, 421 F.3d 352, 356–57 (5th Cir. 2005). The district court, when deciding whether to accept a magistrate judge's recommended ruling for a suppression motion, makes "a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made". *Id.* at 357 (quoting *United States v. Raddatz*, 447 U.S. 667, 673 (1980)). The district court, however, may defer to the magistrate judge's determinations,

without rehearing testimony, when the record supports the determinations. *Id.* (citing *United States v. Giacomel*, 153 F.3d 257, 258 (5th Cir. 1998)).

A.

Concerning the bench warrant, in district court, the Government relied, *inter alia*, on the good-faith exception discussed *infra*. Although the district court did not address the good-faith exception, "any point properly raised in district court may be relied upon on appeal to sustain the judgment". *Public Citizen, Inc. v. Bomer*, 274 F.3d 212, 217 (5th Cir. 2001).

Therefore, we begin by determining whether the good-faith exception applies. *See Gibbs*, 421 F.3d at 357. If it does, our inquiry ends and the exclusionary rule is inapplicable. *Id.* In *United States v. Leon*, 468 U.S. 897 (1984), the Court held evidence obtained in objectively reasonable good-faith reliance on a search warrant is admissible, even if probable cause does not support the warrant. *United States v. Laury*, 985 F.2d 1293, 1311 (5th Cir. 1993) (citing *Leon*, 468 U.S. at 922–23). The Court has subsequently applied the *Leon* "good-faith" exception to searches that occurred following the execution of an invalid arrest warrant. *Herring v. United States*, 129 S. Ct. 695, 704 (2009); *Arizona v. Evans*, 514 U.S. 1, 15–16 (1995).

The exclusionary rule is "a judicially created remedy designed to safeguard Fourth Amendment rights generally through its deterrent effect, rather than a personal constitutional right of the party aggrieved". *Leon*, 468 U.S. at 906 (quoting *United States v. Calandra*, 414 U.S. 338, 348 (1974)). "[T]he exclusionary rule is neither intended nor able to cure the invasion of the defendant's rights which he has already suffered." *Id.* (internal quotations omitted). For the exclusionary rule to apply, the police must have engaged in

"willful, or at the very least negligent, conduct". *Id.* at 919 (quoting *United States v. Peltier*, 422 U.S. 531, 539 (1975)). When, however, the officers acted in good faith, the deterrence rationale loses its force. *Id.*

Before arresting Smith, Shreveport police officers searched a computer database to determine whether a valid arrest warrant existed. The database showed Smith had an active arrest warrant for failure to pay the fine for driving without a license. One of the arresting officers also telephoned the police in Bossier City, where the warrant was issued, and requested a copy of the database printout to confirm an active warrant existed. At the hearing on the motion to suppress, one of the officers testified that such printouts are the standard form for warrants received from other jurisdictions.

In *Herring*, the Court ruled that the exclusionary rule did not necessarily apply where the arresting officers relied on a computer search that showed the defendant had an outstanding warrant, even though it was later discovered that the warrant had previously been recalled. *Herring*, 129 S. Ct. at 698. The *Herring* Court stated: "To trigger the exclusionary rule, police conduct must be sufficiently deliberate that exclusion can meaningfully deter it, and sufficiently culpable that such deterrence is worth the price paid by the justice system". *Id.* at 702. Here the police officers' conduct was neither "sufficiently deliberate" nor "sufficiently culpable" to warrant the exclusion of evidence. (In fact, there is no evidence that the police conduct was improper.) Accordingly, the good-faith exception applies. Because the officers acted in good faith in executing the bench warrant, we need not determine whether the warrant was valid. *See Laury*, 985 F.2d at 1311.

## B.

Concerning the protective sweep, officers are empowered to search "closets and other spaces immediately adjoining the place of arrest from which an attack could be immediately launched". *Maryland v. Buie*, 494 U.S. 325, 334 (1990). No probable cause or reasonable suspicion is required to conduct such sweeps. *Id.*

The closet where the officers discovered the assault rifles adjoined the living room in which both Smith and his brother were arrested. The officers testified that the mound of clothes inside the closet was large enough to conceal a person. The officers, therefore, did not exceed the scope of the protective sweep by looking under the mound to determine whether a person was hiding there.

## III.

For the foregoing reasons, the judgment is AFFIRMED.